Habold Babb, J.
This is a motion by petitioner seeking construction of an inter vivos indenture of trust and requesting instructions and directions with respect thereto. This petitioner urges that he should be declared a substitute successor trustee under the terms of the trust indenture, and the amendments thereto.
By order of December 15, 1969 a guardian ad litem was tentatively appointed to represent the interests of an infant, Milena Christine Jnrzykowski and for unborn issue of said infant and her sister Yolande Louise Jnrzykowski who has arrived at her majority, “ unless on or before the return date of this application the aforesaid parties shall appear by a duly qualified capable person pursuant to CPLR 1201 or motion is made pursuant to CPLR 1202 for the appointment of a Guardian Ad Liten on their behalf
' The attorneys for the infant who is over the age of 14 years did move for the appointment of Dr. Walter A. L. Thompson as guardian, ad litem of the infant. In addition, it is urged by «11 of the parties other than the petitioner that there is no necessity P-r a guardian ad litem to represent the unborn issue of the infant or of her sister, and if one is to be appointed, there is no conflict so that Dr. Thompson, if appointed for the infant could act as guardian for unborn issue.
The petitioner opposes this motion contending that Dr. Thompson is not a proper person to act as guardian ad litem; that the unborn issue are necessary parties and therefore must be represented. The objections to Dr. Thompson are that if he should represent the infant, her interests are adverse to those *935 of her unborn issue. Further, that Dr. Thompson is mentioned in the trust indenture as one of two physicians who may he called upon to certify to the incapacity of a successor trustee. Although it is true that the trust agreement gives such power to Dr. Thompson, Ms function thereunder is clearly that of a physician. Even so, such powers are not absolute, and the power to remove is conditioned on a number of preliminary investigations and certifica cions. TMs court is therefore of the opinion that Dr. Thompson is not disqualified from acting as guardian ad litem for Milena Christine by virtue of such limited participation in the administration of the trust.
- All of the parties concerned who are interested in tids trust except for the petitioner are in favor of appointing Dr. Thompson as guardian ad litem for the infant. The mother does not suggest that she be appointed as she is a trustee under Ike trust and has a substantial interest in it so that there may "be conflict, but she indicates a desire that Dr. Thompson be appointed; and such preferment by a parent is entitled to great consideration (Foster v. Mott, 3 Bradf. 409). The infant who was over the age of 14 expresses a preference for Dr. Thompson, and there is sound reason for such nomination by her (Matter of Stuart, 280 N. Y. 245; Matter of Weinmann, 264 App. Div. 899).
On the question of whether a guardian, is necessary for the unborn issue of the infant and her sister, and if so, whether the guardian of Milena Christine can also act as guardian of such unborn infants depends upon whether there are adverse or conflicting interests between the two sister remaindermen and any unborn children of either of them. The trust agreement provides that Milena Christine, during her minority is to receive so much of the net income as the trustees, in their sole discretion, determine as necessary for her education, support and maintenance. The terminal date of the trust is either September 25, 1984 or 21 years after the death of the infant, whichever is earlier, unless Milena Jnrzykowski, the infant’s mother is then living. In such case the trust ends at the mother’s death. Upon such termination, the corpus of the trust goes to Milena Christine and her sister Tolande Louise. If either should die prior to termination, leaving issue, then their respective right, title and interest vests in such children per stirpes. There is a provision which empowers the successor trustees to distribute the corpus of the trust or any part thereof at any time after the infant reaches the age of 21 years, if her mother consents or is not living. The infant becomes a trustee at age 21 as did her sister. However, both the infant and her sister arc specifically proMbited from participation, in any decision as tc the *936 distribution of the corpus of the trust prior to the ultimate termination as provided in the trust. This limitation is also clearly set forth in paragraph 14 of the original trust indenture which provides that in no event shall Yolande Louise or Milena Christine take part in any decision with respect to the distribution of income or principal of the trust or termination of the trust. They are permitted to take part in any decision regarding investment which could result in pecuniary benefit to either of them.
Petitioner urges that the infant is prospectively the possessor of power, with others, to terminate the trust by reason of the provisions of paragraph 5(c) which does provide that the successor trustees may terminate the trust if in their discretion a national or international emergency requires such termination for the best interests of the mother and two daughters who are the beneficiaries of this trust. However, it is clear from the afore-mentioned paragraph of the trust indenture and the latest amendment thereto that such power is limited so that it may only be acted upon by the successor trustees and not by the daughters of the settlor (Yolande Louise and Milena Christine, the infant). The court finds that the infant is not vested with power, present or prospective, to terminate the trust. Her interest and that of her older sister are not adverse to the remote interest of unborn issue.
CPLR 7703 (subd. [b]) states: “Where an interest in the trust property has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to a person or persons who are or may be distributees, heirs at law, issue or other kindred of such party, it shall not be necessary to make such distributees, heirs at law, issue or other kindred parties to the proceeding, and the proceeding shall be binding" and conclusive upon them.3 ’
Therefore, under the circumstances of this matter the unborn issue may be represented by a remainderman without being made parties. There is virtual representation of all the unborn children by their respective parents. The intent of the section as stated in the commentary is to avoid needless expense to the estate by unsuccessful objections of remote contingent remaindermen against the wishes of those more directly interested (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7703.03). There being no conflict of interests and no substantial danger of conflict between the mother and her unborn issue, there is no reason for the appointment of a special guardian for such unborn children (cf. Matter of Lackland, 24 Misc 2d 393). The application for the appointment of a guardian ad litem for unborn issue is *937 denied. The motion to appoint Dr. Walter A. L. Thompson is granted, and he is appointed guardian ad litem of the infant Milena Christine Jurzykowski and an order to that effect is signed and filed accordingly.
The parties who wish to interpose an answer to the petition, on remaining issues, may have 20 days from the date of this decision and order to interpose answers, and an additional 10 days to submit a memorandum of law.